UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHEILA MCCOY, individually
and on behalf of all others similarly
situated                                                                                                  PLAINTIFF

v.                                           No. 5:20-CV-05176

ELKHART PRODUCTS CORPORATION                                              DEFENDANT

## OPINION AND ORDER

Before the Court are Plaintiff Sheila McCoy's motion (Doc. 18) for conditional certification, brief in support (Doc. 19), and other supporting documents. Defendant Elkhart Products Corporation filed a response (Doc. 21) in opposition. Plaintiff filed a reply (Doc. 24) with leave of Court. For the reasons set forth below, Plaintiff's motion will be granted as stated herein.

**I.     Background**

Plaintiff seeks conditional certification to provide notice to all hourly-paid production facility employees who worked for Defendant at any time on or after October 1, 2017. Defendant manufactures screw machine products, various copper and aluminum tubular components, and tube fittings for the public, air conditioning, and refrigeration industries. Since October 1, 2017, Plaintiff has worked for Defendant as an hourly employee. From January 2020 to September 2020, Plaintiff worked in Defendant's rotary department. Plaintiff alleges her job duties regularly required her to clock in before her shift was scheduled to start and clock out after her shift ended, but that Defendant adjusted her time to show she had only worked the scheduled time. For example, Plaintiff states she would have to clean her equipment after her shift ended at 3:30 p.m.,

but she was not paid for the time after 3:30 p.m.  Plaintiff contends she and other hourly employees were regularly paid for fewer hours than they worked.

Defendant has two production facilities, one in Fayetteville, Arkansas and one in Elkhart, Indiana.  Defendant also has eighteen hourly employees in a facility in Oklahoma.  Plaintiff argues hourly employees at all of Defendant's locations were subject to the same pay practices.  Plaintiff alleges Defendant has violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. (the "AMWA").  Plaintiff seeks conditional certification of her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b), approval of authorization to issue notice to putative class members, disclosure of contact information, and approval of the proposed notice and consent-to-join forms.

**II.  Discussion**

    **A.  Conditional Certification**

"The FLSA allows named plaintiffs to sue [their employer] 'for and in behalf of . . . themselves and other employees similarly situated.'"  *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (quoting 29 U.S.C. § 216(b)).  This type of suit—a collective action—is distinguishable from a class action certified under Federal Rule of Civil Procedure 23, as it requires plaintiffs to use the opt-in mechanism under 29 U.S.C. § 216(b) for joining a putative class of plaintiffs rather than the opt-out procedures in Rule 23.  *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975).  The FLSA gives the Court "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  "The court has a responsibility to avoid the stirring up of litigation through unwarranted solicitation of potential

opt-in plaintiffs, but the district court should, in appropriate cases, exercise its discretion to facilitate notice to potential plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890 (N.D. Iowa 2008) (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)); *see also Hoffman-La Roche*, 493 U.S. at 169) (internal quotations omitted).

Ultimately, certification of a collective action will depend on whether the named plaintiffs are similarly situated to the putative class. The Supreme Court has hinted that the rules for joining similarly situated plaintiffs are similar to the rules of joinder under Federal Rule of Civil Procedure 20(a). *See Epic Systems Corp. v. Lewis*, -- U.S. --, 138 S.Ct. 1612, 1636 n.3 (2018) (indicating that "similarly situated" FLSA plaintiffs may be joined in the same action under Federal Rule of Civil Procedure 20(a), which requires that their claims arise out of the same transaction or occurrence and involve common questions of law or fact). Neither § 216(b) nor the Eighth Circuit Court of Appeals has defined when "other employees [are] similarly situated" so that collective action certification and authorization of notice is appropriate. *Davenport v. Charter Comms., LLC*, 2015 WL 164001, at *4 (E.D. Mo. Jan. 13, 2015). District courts within the Eighth Circuit have historically utilized a two-stage approach for collective action certification under § 216(b). *See e.g.*, *Resendiz-Ramirez v. P & H Forestry, L.L.C.*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007) ("The Court is convinced that the more prudent approach is to use the two-stage certification analysis that is used by a majority of courts, including a majority of district courts in the Eighth Circuit."). Nothing in Eighth Circuit or United States Supreme Court precedent requires district courts to utilize this approach; rather, "[t]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Bouaphakeo*, 564 F. Supp. 2d at 891 (citing *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)).

3

Defendant argues the Court should not follow the two-stage approach because the two-stage approach has resulted in courts approving conditional certification without reviewing if potential class members are similarly situated. Defendant further argues that any argument raised in opposition to conditional certification "is met with a dismissive citation that no consideration of the merits . . . is appropriate at the initial notice stage." (Doc. 21, p.7). Defendant requests the Court to follow the recent Fifth Circuit opinion in *Swales v. KLLM Transport Services, L.L.C.*, No. 19-60847, 2021 WL 98229 (5th Cir. Jan 12, 2021). In *Swales*, the Fifth Circuit rejected the two-stage approach and instead found that a "district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of employees is similarly situated . . . [a]nd then it should authorize preliminary discovery accordingly." 2021 WL 98229, at *7 (internal quotations omitted). The Court will follow the historical, two-stage approach, which has proven to be an efficient means of resolution of this issue. Although the burden of proof is low at the first stage of the two-stage approach, it is not non-existent, and Defendant's complaint that the two-stage approach leads courts to grant conditional certification without reviewing if potential opt-in plaintiffs are similarly situated is unfounded.

Under the two-stage approach to certifying a collective action, when named plaintiffs move for certification of a collective action—typically early in the discovery process—a court considers whether plaintiffs and putative class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner. *Resendiz-Ramirez*, 515 F. Supp. 2d at 940–41. While the burden of proof is relatively low, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009) (quotations omitted). Some factors that may be considered by district courts making this determination

include: (1) whether everyone worked in the same location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether all workers were subjected to the same policies and practices, and whether those policies and practices were established in the same manner by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *See Watson v. Surf-Frac Wellhead Equip. Co.*, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012). If notification is deemed appropriate, the class is conditionally certified for notice and discovery purposes and the action proceeds as a representative action. *Croft v. Protomotive, Inc.*, 2013 WL 1976115, at *1 (W.D. Ark. May 13, 2013) (citing *Resendiz-Ramirez*, 515 F. Supp. 2d at 940).

Defendant argues Plaintiff has failed to show employees at the Indiana facility are similarly situated to her or others at her facility. Plaintiff argues Defendant has standard pay policies that are uniform from location to location and all employees were subject to the same pay practices, and that Plaintiff's declaration should demonstrate hourly employees at the Indiana facility are similarly situated. The decision to certify a class is typically determined "based solely on the affidavits presented by plaintiffs." *See Buford v. Superior Energy Servs., LLC*, 2018 WL 6441097, *4 (E.D. Ark. June 1, 2018) (internal citations and quotations omitted). However, Plaintiff has not presented sufficient evidence that hourly employees at the Indiana location are similarly situated based on her personal knowledge. *See Chime v. Peak Security Plus, Inc.*, 137 F. Supp. 3d 183, 202 (E.D.N.Y. 2015) (finding the "focus of the court's inquiry is not on the defendant's evidence, but on whether the plaintiffs have made their requisite showing . . . Defendant's challenges are . . . premature . . . [and] defendant's attacks on plaintiffs' affidavits and other evidence raise questions as to whether plaintiffs could prevail under a more stringent standard and . . . survive a decertification motion"); *Pressler v. FTS USA, LLC*, 2010 WL 1904974, at *4 (W.D. Ark. May

5

12, 2010).  Plaintiff's affidavit states she had personal knowledge of other employees regularly being paid fewer hours than they had worked because of conversations Plaintiff had with other employees.  This is sufficient to demonstrate a similarly situated class in the location Plaintiff worked, but Plaintiff has presented no evidence to show employees in Defendant's Indiana facility were similarly situated.  Defendant agrees it has eighteen hourly employees in a facility in Oklahoma, but if the Court conditionally certifies a collective action, Defendant suggests the definition be amended because these employees are on the Fayetteville, Arkansas payroll and can be included as potential opt-in plaintiffs by referencing that factor.

Considering the factors listed above, the Court finds that Plaintiff has met her burden at this stage to demonstrate that she is similarly situated with other putative class members on the Fayetteville, Arkansas payroll.  Accordingly, the Court will conditionally certify this action. Regarding the class definition, Plaintiff requests that the Court conditionally certify and approve notice for the following class: all hourly-paid production facility employees who worked for Defendant at any time on or after October 1, 2017.  Defendant proposes the following class definition: all hourly-paid production facility employees who worked for Defendant at any time on or after October 1, 2017 in Defendant's Fayetteville, Arkansas facility or on Fayetteville payroll.  Because Plaintiff has not demonstrated that conditional certification should include Indiana employees, the Court agrees with Defendant's proposed definition, and the definition is amended to read as follows: all hourly-paid production facility employees who worked for Defendant at any time on or after October 1, 2017 in Defendant's Fayetteville, Arkansas facility or on Fayetteville payroll.

### B. Form of Notice and Consent-to-Join

Plaintiff has submitted a proposed notice, a consent to join, and a second notice of right to

join (to be sent to non-responding class members 30 days after the initial notice is sent). Defendant objects to certain aspects of these documents and proposes certain changes. The Court will address each objection and proposal in turn.

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann–La Roche,* 493 U.S. at 170. The Court will manage the preparation and distribution of notice so that it is "timely, accurate, and informative." *Id.* at 172. A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012). When determining the details, the Court is "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Diaz v. N.Y. Paving Inc.*, 340 F.Supp.3d 372, 386 (S.D.N.Y. 2018) (internal alterations and citation omitted). Just as it is not the purpose of notice to solicit participation in litigation, it is not the purpose of notice to discourage participation.

Defendant argues Paragraph (3) of the proposed first notice should be modified to conform to the allegation in Plaintiff's complaint. The paragraph as proposed states "Plaintiff filed a lawsuit against Defendant asserting that Defendant violated federal law in failing to pay its hourly-paid production facility employees correctly." (Doc. 18-1, p.1). Defendant requests this sentence be changed to read "Plaintiff filed a lawsuit against Defendant asserting that Defendant violated federal law in failing to pay its hourly-paid production employees overtime by consistently adjusting employees' hours to reflect only forty hours worked each week." The Court agrees and orders Paragraph (3) must be changed to read

> (3) <u>DESCRIPTION OF THE LAWSUIT</u>: Plaintiff in this case is a former hourly-paid production facility employee for Defendant Elkhart Products Corporation ("Defendant"). Plaintiff filed a lawsuit against Defendant violated federal law in failing to pay its hourly-paid production employees overtime by consistently adjusting employees' hours to reflect only forty hours worked each week.
>
> Defendant denies Plaintiff's claims and allegations. Defendant asserts that it complied with the law, and properly compensated all of its hourly-paid production facility employees.
>
> This case has been set for trial the week of November 1, 2021. If the case is not settled between the parties, a trial will be held at the United States District Court for the Western District of Arkansas in Fayetteville. The Court has not ruled on or decided any of the issues, including the merits of the claims or defenses.

The proposed notice must also be updated to reflect the class definition as defined above.

Defendant also objects to Paragraph (6) of the proposed notice and argues the last line, reading "Plaintiff's attorney will receive part of any money judgment or settlement entered in favor of the class," should be removed because it is not necessary to explain how Plaintiff's counsel will be compensated. Defendant also objects to Paragraph (6) because the sentence "It is important to understand you may be entitled to recovery just because you were employed as an hourly-paid production facility employee" suggests a plaintiff could be entitled to recovery simply because they were employed. Paragraph (6) provides information necessary for potential class members to make an informed decision on whether to participate in the lawsuit and will not be changed.

Defendant objects to Paragraph (10) of the proposed notice because Defendant argues it is not necessary. Paragraph (10) as written informs potential class members that if they take part in this case, retaliation is prohibited, and it will not be removed. However, the Court agrees with Defendant that the last sentence of Paragraph (10), which directs potential class members to contact the Clerk of Court if they are subjected to retaliation, should be revised. The Clerk of Court has no authority to adjudicate or redress complaints of retaliation. The second sentence in Paragraph (10) must be changed to read "If you believe you have been discriminated or retaliated

8

against in any way as a result of your receipt of this notice or election to participate in this lawsuit, you should contact your attorney immediately."

>The Court orders the proposed reminder postcard be changed to read as follows:
>
>On _____, 2021, you were sent a **Notice of Right to Join Lawsuit** informing you of a lawsuit in which you could become a member as an Opt-In Plaintiff.  You are being sent this second notice because you must join the lawsuit if you want to become a member of the class.  If you did not receive the first Notice and would like a copy, please contact Plaintiff's attorney listed below.  <u>If you already sent a Consent, it has not been received.</u>  The consent must be received by _____, 2021.  The Court neither encourages nor discourages participation in this lawsuit.

The title of the postcard should also be changed from "Second Notice of Right to Join Lawsuit" to "Reminder of Right to Join Lawsuit."  This change will ensure the putative class members are informed of the Court's neutrality on the matter and rephrasing the title of the postcard will only improve its accuracy.

  **C. Dissemination of Notice and Requests for Information**

Plaintiffs have also requested notice be made through U.S. Mail and email, and a follow-up reminder postcard be sent by U.S. mail.  Plaintiffs further request Defendants post a copy of the notice in a location where Defendants post government-required notices.  The Court will grant the request to provide notice through U.S. Mail and email and to require Defendants to post the notice in a physical location.  The Court will also grant Plaintiffs' request to send a second notice of right to join lawsuit via U.S. Mail.

Plaintiff requests sending notice through email in addition to U.S. Mail because of the problems that occur when notice is sent by U.S. Mail.  The proposed email notice provides potential class members with a way to sign the consent to join electronically.  "Electronic communication is commonly utilized and is an appropriate, convenient, and efficient manner of communication with potential plaintiffs in FLSA actions." *Middleton v. Hempstead Cty, Ark.*,

Case No. 4:18-cv-4112, 2019 WL 3948106, at *4 (W.D. Ark. Aug. 21, 2019). Defendants argue notice by email should not be allowed because Plaintiff has not demonstrated email is necessary and because Defendant does not have emails for all of its production employees. The Court finds that it is reasonable to permit Plaintiffs to send notice through email, not because of necessity but because it is a method reasonably calculated to provide timely actual notice to potential opt-in plaintiffs. *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) ("This has become a much more mobile society with one's email address and cellphone number serving as the most consistent and reliable method of communication."). Defendant must provide the email addresses it does have for potential opt-in plaintiffs, but Defendant is not expected to take affirmative steps to obtain email addresses from those employees for whom Defendant does not already have that information. Plaintiff's request for potential opt-in plaintiffs to sign the consent electronically will also be granted. *Adkinson v. Tiger Eye Pizza, LLC*, Case No. 4:19-CV-4007, 2019 WL 5213957, at *9 (E.D. Ark. Oct. 16, 2019) ("The FLSA does not contain a physical signature requirement but, rather, requires only that opt-in consent be 'in writing.'") (internal citation omitted).

Plaintiff proposes a follow-up postcard be sent, via U.S. Mail, 30 days after the notice is distributed. Defendant argues a follow-up postcard is not necessary because Plaintiff has failed to demonstrate that the notice when sent by U.S. Mail is likely to not be received by potential opt-in plaintiffs. The Court finds the request to use a reminder postcard should be granted. Though a reminder may run the risk of appearing to encourage participation, it also increases the likelihood that potential opt-in plaintiffs will receive actual notice of this action, reducing the probability that the Court and parties will need to address multiple requests to allow late opt-ins.

Plaintiff's request that Defendant be required to post the notice in a conspicuous location

at its facilities will be granted.  *See Cruthis v. Vision's*, 2013 WL 4028523, at *8 (E.D. Ark. Aug. 7, 2013) (citing *Putnam v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 276 (S.D. Iowa 2011)) ("[C]ourts routinely approve requests to post notice in common areas or on employee bulletin boards, even if there is an alternative form of notice.").

Plaintiff requests the Court order Defendant to provide them with a list of the names, last known mailing addresses, telephone numbers, work and personal email addresses, and cell phone numbers of all potential plaintiffs within the class description.  Defendant argues it should not be required to produce telephone numbers of potential opt-in plaintiffs because Plaintiff did not request to send notice via text message.  Plaintiff's reply, for the first time, requests the Court to allow Plaintiff to send notice via text message.  The Court will not authorize notification by text message.  The Court will grant Plaintiff's request that Defendant provide them with a list of names, last known mailing addresses, and work and personal email addresses, but not telephone numbers.

Plaintiff also requests the deadline to file opt-in plaintiffs' consent-to-join forms be set no earlier than 90 days after Plaintiff mails notice.  The Court finds that a 60-day opt-in period, beginning after Plaintiff receives contact information, is sufficient and will serve the interests of efficiently facilitating notice without further delaying the litigation.  Plaintiff asks the Court to require Defendant to produce the contact information in Excel within 7 days of the Court's order, Defendant requests 14 days.  Defendant does not provide any reason why it requires 14 days and the Court finds 7 days is appropriate.

## III.   Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion for conditional certification of a collective action and approval of notice (Doc. 18) is GRANTED.  The motion is GRANTED as follows:

- The Court conditionally certifies the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorizes notice to be sent to potential opt-in plaintiffs. The opt-in class will consist of all hourly-paid production facility employees who worked for Defendant at any time on or after October 1, 2017 in Defendant's Fayetteville, Arkansas facility or on Defendant's Fayetteville payroll. Within 10 days after receiving the contact information for potential opt-in plaintiffs, Plaintiff must prepare and distribute notice to all putative plaintiffs as allowed by this order. Plaintiff must file any opt-in plaintiffs' signed consent-to-join forms with the Court within 60 days after receiving the contact information of potential opt-in plaintiffs.

- Defendant is directed to provide the names, mailing addresses, and email addresses of all putative members of the collective action. Defendant may provide this information in any reasonable format. **Defendant has until February 18, 2021 to deliver the contact information to Plaintiff.**

- Plaintiff's proposed notice and consent-to-join forms are approved with the changes set forth above.

- Defendant is directed to post a copy of the notice in a conspicuous location at their facilities in an employee common area or where other notices of employee rights are posted.

IT IS SO ORDERED this 11th day of February, 2021.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE