IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SHEILA McCOY, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                      No. 5:20-cv-5176-PKH

**ELKHART PRODUCTS CORPORATION**            **DEFENDANT**

## RESPONSE TO MOTION TO DECERTIFY COLLECTIVE ACTION

       Defendant's Motion to Decertify Collective Action (ECF No. 52) ignores the significant commonality among those who have chosen to join this case. Plaintiff and Opt-In Plaintiffs (hereinafter collectively "Plaintiffs") all worked in one of two facilities operated by Defendant which focused on producing, packing and shipping Defendant's products. Plaintiffs were all similarly scheduled to work fixed shifts, all clocked in and out in a similar manner, and all were paid on an hourly basis. Defendant also maintained records of all Plaintiffs' clock-in and clock-out times in a similar fashion. There is a substantial degree of similarity among Plaintiffs with respect to both their working conditions and the timekeeping procedures that resulted in the claims in this case. Despite Defendant's efforts to create the appearance that Plaintiffs' claims "vary wildly," the reality is that all Plaintiffs functioned under highly similar working conditions.

       However, Plaintiffs agree that the collective that was conditionally certified by this Court should be decertified so that certain Plaintiffs should be permitted to proceed with their claims on an individual basis, and others removed from the case. The claims at issue here revolve primarily around a limited period of time at the beginning and end of each

Page 1 of 5
Sheila McCoy, et al. v. Elkhart Products Corporation
U.S.D.C. (W.D. Ark.) No. 5:20-cv-5176-PKH
Response to Motion to Decertify Collective Action

shift. It is within these brief windows that Defendant alleges any relevant variance in this case exists. Accordingly, this Court should permit those Opt-In Plaintiffs who so desire to participate in this case as Named Plaintiffs. To this end, the Court should permit Plaintiffs to file their proposed First Amended and Substituted Complaint, attached hereto as Exhibit 1, which adds certain Opt-In Plaintiffs as Named Plaintiffs and clarifies Plaintiffs' claims against Defendant.

The Honorable D. P. Marshall of the Eastern District has tacitly approved of this type of procedure. *Burley v. Central Arkansas Area Agency on Aging, Inc.*, No. 4:20-cv-226-DPM, Doc. No. 59 (E.D. Ark. Filed Jun. 3, 2021) (decertifying collective action and directing the Clerk to add specific opt-in plaintiffs as named plaintiffs); *Carden v. Logan Centers, Inc.*, No. 3:19-cv-167-DPM, Doc. No. 83 (E.D. Ark. Filed Jan. 22, 2021) (same); *Keaton v. Gamma Healthcare, Inc.*, No. 4:18-cv-736-DPM, Doc. No. 42 (E.D. Ark. Filed Oct. 1, 2019) ("Given the small number of folks involved, the Court is considering decertifying the group, adding the opt-ins as named plaintiffs, and proceeding to trial, if one is needed."); *See also*, *generally*, *Hill v. R+L Carriers, Inc.*, No. C 09-1907 CW, 2011 U.S. Dist. LEXIS 54873, at *6 (N.D. Cal. May 23, 2011) ("The Court's decision to de-certify the FLSA collect[ive] action does not preclude joinder."). Similarly, in response to the defendants' decertification request in *Rorie v. WSP2, LLC, et al*, the plaintiffs attached an amended complaint that echoed the claims of the prior complaint, but added the opt-in plaintiffs as named plaintiffs; the Court approved of this procedure, directing the plaintiffs to "immediately file the proposed . . . amended complaint." No. 5:20-cv-5106-TLB, Doc. No. 50 (W.D. Ark. Filed Aug. 2, 2021).

Dismissing Opt-In Plaintiffs following decertification, rather than permitting them to

Page 2 of 5
Sheila McCoy, et al. v. Elkhart Products Corporation
U.S.D.C. (W.D. Ark.) No. 5:20-cv-5176-PKH
Response to Motion to Decertify Collective Action

proceed as Named Plaintiffs herein, accomplishes nothing other than to create the inefficiency inherent in requiring them to file yet another lawsuit against Defendant. The Opt-In Plaintiffs have confirmed their desire to participate in this case by filing their Consent to Join. Rather than dismissing Opt-In Plaintiffs from this case, the Court may, and should, simply permit them to be added as parties to the lawsuit. Doing so allows Opt-In Plaintiffs to proceed in the lawsuit in which they have already indicated their desire to participate, in which they have all participated in responding to written discovery, and in which many of them have already been deposed by counsel for Defendant.

The point of the written consent is "to make . . . uncertain plaintiffs certain, and actual participants, so that defendants could know the parties and the charges with which they were to be faced." *Miller v. Centerfold Entm't Club, Inc.*, No. 6:14-CV-6074, 2017 U.S. Dist. LEXIS 125945, at *22-23 (W.D. Ark. Aug. 9, 2017) (quoting *Lee v. Vance Exec. Prot., Inc.*, 7 F. App'x 160, 166-67 (4th Cir. 2001)). "Once an individual files his consent to join, he becomes a 'party plaintiff' and has the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Johnston v. Coleman Music & Entm't, L.L.C.*, No. 3:12-cv-448-J-99TJC-TEM, 2013 U.S. Dist. LEXIS 195371, at *12–13 (M.D. Fla. Apr. 8, 2013) (citing *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003)).[1]

Further, an opt-in plaintiff "adopts the claims asserted in the complaint by the named plaintiff and he does not have a 'lesser status' by virtue of his identity as an opt-in plaintiff rather than a named plaintiff." *Id*. at *14. A named plaintiff need not even file a motion to proceed as a collective action "for an opt-in plaintiff to be considered a party

---

[1] *See also Morales v. Farmland Foods, Inc.*, No. 8:08-cv-504, 2011 U.S. Dist. LEXIS 151983, at *14 (D. Neb. Dec. 15, 2011) ("By referring to them as 'party plaintiffs' in 216(b) Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.") (internal editing marks omitted) (citing 29 U.S.C. § 216(b)).

Page 3 of 5
Sheila McCoy, et al. v. Elkhart Products Corporation
U.S.D.C. (W.D. Ark.) No. 5:20-cv-5176-PKH
Response to Motion to Decertify Collective Action

plaintiff." *Alfonso v. Straight Line Installations, LLC*, No. 6:08-cv-1842-Orl-35DAB, 2010 U.S. Dist. LEXIS 145781, at *3 (M.D. Fla. Feb. 10, 2010). The collective action procedure itself is simply a tool for "providing putative class members accurate and timely notice and the opportunity to opt-in." *Id*. For all practical purposes, Opt-In Plaintiffs are already active participants here, having responded to written discovery and, for many others, having sat for depositions.

By filing their Consents to Join, Opt-In Plaintiffs have made clear their desire to participate in *this* case. Requiring Opt-In Plaintiffs to file their own separate lawsuit rather than continuing participation here serves no function other than to create a second, unnecessary step toward accomplishing the same purpose that would be met by the filing of the proposed First Amended and Substituted Complaint. Further, there is no benefit to Defendant in requiring Opt-In Plaintiffs to file a separate lawsuit, and Defendants' arguments against continued certification become irrelevant either way. Likewise, any case management issues will have to be addressed either way.[2]

For the reasons stated above, this Court should grant Plaintiffs permission to file the attached proposed First Amended and Substituted Complaint. Further, the Court should dismiss any Opt-In Plaintiffs who are not identified as Named Plaintiffs in the proposed First Amended and Substituted Complaint without prejudice, and confirm that the statute of limitations is tolled for the period between the filing of their Consents to Join

---

[2] Any case management issues that exist in this case would also exist in any separate lawsuit filed by Opt-In Plaintiffs. Given that there are fewer than fifty Named Plaintiffs in the proposed First Amended and Substituted Complaint, the number of plaintiffs is not so high as to prevent individualized testimony at trial. However, any perceived difficulties or potential confusion of the jury can be resolved by proceeding with separate trials for 1) all **leads;** 2) non-lead **maintenance workers**; and 3) non-lead **production workers**. This allows plaintiffs to testify within the respect groups with which they have the most in common. To the extent that this Court believes that case management needs to be more thoroughly addressed, the parties should be required to submit case management and trial planning briefing after the proposed First Amended and Substituted Complaint is filed.

Page 4 of 5
Sheila McCoy, et al. v. Elkhart Products Corporation
U.S.D.C. (W.D. Ark.) No. 5:20-cv-5176-PKH
Response to Motion to Decertify Collective Action

herein and their dismissal from this case. *See Davenport v. Charter Communs., LLC*, No. 4:12-cv-7-AGF, 2017 U.S. Dist. LEXIS 31076, at *96–97 (E.D. Mo. Mar. 6, 2017) (noting that the "statute of limitations is tolled between the time each individual opt-in plaintiff consents to the suit and the time each opt-in plaintiff must pursue their claim individually because of dismissal from the collective action or a court's decision to decertify the class" (internal quotation marks omitted)).

    Respectfully submitted,

    **PLAINTIFF SHEILA McCOY,**
    **Individually and on Behalf of**
    **All Others Similarly Situated**

    SANFORD LAW FIRM, PLLC
    Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Suite 510
    Little Rock, Arkansas 72211
    Telephone: (800) 615-4946
    Facsimile: (888) 787-2040

    Josh Sanford
    Ark. Bar No. 2001037
    josh@sanfordlawfirm.com

Page 5 of 5
Sheila McCoy, et al. v. Elkhart Products Corporation
U.S.D.C. (W.D. Ark.) No. 5:20-cv-5176-PKH
Response to Motion to Decertify Collective Action