UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHEILA MCCOY, Individually and on behalf of all
others similarly situated                                                                                    PLAINTIFF

v.                                              No. 5:20-CV-05176

ELKHART PRODUCTS CORPORATION                                                        DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Elkhart Products Corporation's motion (Doc. 52) to decertify the conditionally certified collective action and brief in support (Doc. 53). Plaintiff Shelia McCoy filed a response in support (Doc. 56). Defendant filed a reply (Doc. 57). For the reasons set forth below, the motion will be GRANTED as stated herein.

**I.      Background**

Plaintiff filed this action on October 1, 2020, as a prospective class and collective action alleging she and other similarly situated employees were subject to a common policy of "shaving hours" by Defendant in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"). (Doc. 2, ¶ 42(C)).

On February 11, 2021, the Court conditionally certified (Doc. 27) a collective action under 29 U.S.C. § 216(b) and authorized the issuance of notice and a consent to join form to potential opt-in plaintiffs. Following conditional certification, notice of the lawsuit was sent to 341 potential opt-in plaintiffs and 73 filed consents to join. During discovery, 7 opt-in plaintiffs opted out, leaving 66 opt-in plaintiffs remaining. Depositions of a sampling of opt-in plaintiffs revealed their grievances do not support a finding that they are similarly situated; some plaintiffs seek compensation for time spent donning and doffing uniforms, others seek compensation for unpaid

overtime, and still others admit they have no claims against Defendant.

On August 18, 2021, Defendant filed the instant to motion to decertify the collective action arguing the plaintiffs are not similarly situated. On September 14, 2021, Plaintiff filed a response agreeing the collective action should be decertified but requesting that 43 of the opt-in plaintiffs be made named plaintiffs. Plaintiff did not clarify why the 23 remaining opt-in plaintiffs should be dismissed from the action entirely, and no facts were set forth to distinguish this group from the 43 proposed named plaintiffs.

**II. Analysis**

Under Federal Rule of Civil Procedure 20(a)(1), multiple plaintiffs may be joined in a single action if (1) they assert claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." This standard is equivalent to the standard for joinder of opt-in plaintiffs under the FLSA. *See Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) ("Plaintiffs may be similarly situated when 'they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.'" (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009))).[1]

---

[1] The FLSA is clear that a similarly situated employee who opts in to a collective action is joined as "a party plaintiff." 29 U.S.C. § 216(b). As opposed to certification of a class action under Federal Rule of Civil Procedure 23, certification (conditional or final) of an FLSA collective action does not create a distinct legal entity. Instead, collective action is merely a more efficient mechanism to effect permissive joinder of parties than requiring the complaint to be amended by adding an employee's name to the docket and their individual allegations to the complaint every time an employee opts in.

Here, Plaintiff agrees this collective action should be decertified "so that certain Plaintiffs should be permitted to proceed with their claims on an individual basis, and others removed from the case." (Doc. 56, p. 1). Plaintiff proposes that 23 of the opt-in plaintiffs be dismissed from the action ("Dismissed Plaintiffs"), which the Court interprets as a concession that these opt-in plaintiffs are not sufficiently similarly situated to be properly joined. Plaintiff proposes that the remaining 43 opt-in plaintiffs be added as named plaintiffs in this action ("Proposed Named Plaintiffs"), but Plaintiff has put forth no evidence of how the claims of the 43 Proposed Named Plaintiffs differ from the 23 Dismissed Plaintiffs.

Plaintiff argues the Proposed Named Plaintiffs and Plaintiff McCoy are similarly situated because: (1) all worked for Defendant; (2) all were scheduled to work fixed shifts; (3) all were paid on an hourly basis; and (4) Defendant maintained records of clock-in and clock-out time of the employees. (Doc. 56, p. 1). These may be similar factual circumstances, but Plaintiff provides no facts from which the Court can determine the claims of the Proposed Named Plaintiffs are sufficiently similar that they may properly be joined pursuant to Rule 20(a)(1) or 29 U.S.C. § 216(b). To the contrary, Defendant has put forth ample evidence which demonstrates that the Proposed Named Plaintiffs have widely varying claims which cannot be said to "arise out of the same transaction or occurrence." For example, while some Proposed Named Plaintiffs claim they should be paid for time spent donning and doffing uniforms, others claim they were not paid overtime wages. Because the Proposed Named Plaintiffs are not similarly situated, the collective action will be decertified, and because the standard for FLSA opt-in joinder is the same as Rule 20(a)(1), the Proposed Named Plaintiffs may not be joined under Rule 20(a)(1).

### III.    Conclusion

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 52) to decertify collective action is GRANTED and this action is decertified as a collective action.   This matter shall proceed only on the individual claims of Plaintiff Shelia McCoy.

IT IS FURTHER ORDERED that the claims of the 66 opt-in plaintiffs are DISMISSED WITHOUT PREJUDICE.   The statute of limitations on all claims against Defendant is tolled for each of these individuals for the period between the filing of their consents to join and the date of this Order.

IT IS FUTHER ORDERED that the parties file an updated Rule 26(f) report by November 12, 2021, proposing deadlines for the litigation of Plaintiff's individual claims.

IT IS SO ORDERED this 28th day of October, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE